**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **VIVOT EQUIPMENT CORPORATION,**<br><br>                **Plaintiff,**<br><br>   v.<br><br>**UNDERWATER MECHANIX**<br>**SERVICES, LLC,**<br><br>                **Defendant.**<br>_____ | 1:23-cv-00009-WAL-EAH |

**TO:**    Charles Jacob Gower, Esq.
           *For Plaintiff*
       Joseph D. Sauerwein, Esq.
       Matthew J. Duensing, Esq.
       Michael Friedman, Esq.
       Nicole Moss, Esq.
           *For Defendant*

**ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion to Strike Defendant's Amended Counterclaim for Failure to Secure Leave of Court, filed on January 4, 2024 by Plaintiff Vivot Equipment Corporation ("Vivot"). Dkt. No. 62. Defendant Underwater Mechanix Services, LLC ("UMX") did not respond to this motion, and the time to do so has expired. For the reasons that follow, the Court will strike UMX's counterclaim—but applying a different analysis than proffered by Vivot.

**BACKGROUND**

In its motion, Vivot provides the following procedural history. Defendant UMX filed a counterclaim as part of its answer on July 6, 2023. Dkt. No. 62-1 (citing Dkt. No. 11). Vivot moved to dismiss the counterclaim on July 30, 2023, pursuant to Fed. R. Civ. P. 12(b)(6) for

*Vivot Equip. Corp. v. Underwater Mechanix Servs., LLC*
1:23-cv-0009-WAL-EAH
Order
Page 2

failure to state a claim. *Id.* (citing Dkt. Nos. 19, 20). That same day, Vivot answered the counterclaim. *Id.* (citing Dkt. No. 21). All three filings were served via CM/ECF.

On December 15, 2023, UMX filed a stand-alone amended counterclaim, Dkt. No. 60, rejected by the Court as deficient; UMX refiled the amended counterclaim on December 20, 2023. Dkt. No. 61. Prior to filing its amended counterclaim, Vivot did not give UMX written consent to amend. Dkt. No. 62-1, citing Declaration of C. Jacob Gower, Esq. (Dkt. No. 62-2).

Vivot argues that UMX's amended counterclaim should be stricken as a nullity under Fed. R. Civ. P. 12(f) because the party seeking to amend the pleading—UMX—did not receive Vivot's written consent or the court's leave for the amendment under Fed. R. Civ. P. 15(a)(2). Dkt. No. 62-1 at 2. In *O'Reilly Plumbing & Construction, Inc. v. Lionsgate Disaster Relief, LLC*, 19-cv-0024, 2020 W 6393902, at *5 (D.V.I. Nov. 2, 2020), Magistrate Judge Cannon cited approvingly to *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Market*, 240 F.R.D. 149, 154 (D.N.J. 2007) in concluding that a first amended complaint was a nullity for non-compliance with Rule 15(a), and striking the pleading. *Id.* Vivot asserts that the same result should occur here with regard to UMX's counterclaim. *Id.* at 3.

UMX did not respond to Vivot's motion, and the time for it to do so has expired.

## DISCUSSION

It appears that Vivot and UMX both believe that a stand-alone amended counterclaim is a pleading, such that UMX could file it separate and apart from an answer, and that Vivot could apply the text of Rule 15(a)(2), governing amendments to pleadings, to the amended counterclaim to have it stricken. Rule 15(a) provides, in pertinent part:

*Vivot Equip. Corp. v. Underwater Mechanix Servs., LLC*
1:23-cv-0009-WAL-EAH
Order
Page 3

> **(a) Amendments Before Trial.**
>> **(1)** *Amending as a Matter of Course.* A party may amend its *pleading* once as a matter of course no later than:
>> **(A)** 21 days after serving it, or
>> **(B)** if the *pleading* is one to which a responsive *pleading* is required, 21 days after service of a responsive *pleading* or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>> **(2)** *Other Amendments.* In all other cases, a party may amend its *pleading* only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a)(1), (2) (emphasis added). As indicated above, VIvot argues that UMX ran afoul of Rule 15(a)(2) when it filed its amended counterclaim without its consent or the Court's leave (long after the initial counterclaim was served) and it must be stricken.

But Vivot's—and UMX's—assumption that a stand-alone counterclaim is a pleading is incorrect. Federal Rule of Civil Procedure 7(a) delineates the filings that constitute pleadings:

> **(a) Pleadings.** Only these pleadings are allowed:
>> (1) a complaint;
>> (2) an answer to a complaint;
>> (3) an answer to a counterclaim designated as a counterclaim;
>> (4) an answer to a crossclaim;
>> (5) a third-party complaint;
>> (6) an answer to a third-party complaint; and
>> (7) if the court orders one, a reply to an answer.

Fed. R. Civ. P. 7(a). This Rule does not designate counterclaims as pleadings. "Because a counterclaim is not itself a pleading, to state a counterclaim consistently with Rule 7(a) and Rule 13, a party must file the counterclaim *as part of* a recognized pleading, *i.e.,* an answer." *Allied Med. Assocs. v. State Farm Mut. Auto. Ins. Co.*, No. 08-cv-2434, 2009 WL 839063, at *1–

*Vivot Equip. Corp. v. Underwater Mechanix Servs., LLC*
1:23-cv-0009-WAL-EAH
Order
Page 4

2 (E.D. Pa. Mar. 26, 2009). A few other courts in the Third Circuit have addressed this matter, or the related issue of whether a stand-alone cross-claim is a pleading. *See also Langer v. Monarch Life. Ins. Co.,* 966 F.2d 786, 811 (3d Cir.1992) (reasoning that "Federal Rules of Civil Procedure 12(b) and 13(g) require that cross-claims be stated in a pleading, and under Rule 7(a) cross-claims should be contained in a defendant's answer"); *Berstein v. IDT Corp.,* 582 F. Supp. 1079, 1089 (D. Del. 1984) (holding that counterclaims and cross-claims filed independent from an answer were not pleadings and therefore were subject to dismissal).

This position is consistent with courts across the country that have addressed whether a party may file a stand-alone counterclaim. *See Crete Carrier Corp. v. Sullivan & Sons, Inc.*, No. 21-cv-328, 2022 WL 313865, at *6 (D. Md. Feb. 1, 2022) ("Accordingly, because Rule 7(a) does not include a counterclaim as a pleading, a counterclaim alone is not a pleading within the meaning of the Federal Rules."); *Erdman v. Falkner*, 1:18-cv-414, 2019 WL 2250276, at *2 n.6 (S.D. Ala. May 24, 2019) ("In sum, a counterclaim is not a 'pleading,' and a counterclaim cannot be filed (typically) as a stand-alone document.") (citations omitted); *Meierhenry Sargent LLP v. Williams*, 16-cv-4180, 2019 WL 2105986, at *4 (D.S.D. May 14, 2019) (finding that "because Defendants have not asserted their Counterclaims within a pleading, the Counterclaims are not presently before the Court"); *KAABOOWorks Services, LLC v. Pilsl*, 17-cv-02530, 2019 WL 1979927, at *4 (D. Colo. May 3, 2019) ("In other words, a counterclaim filed as a standalone document is improper; a counterclaim incorporated into an answer is proper."); *Safety Today, Inc. v. Roy,* Nos. 2:12–cv–510, 2:12–cv–929, 2013 WL 1282384, at *2 (S.D. Ohio Mar. 27, 2013) ("A counterclaim is not a stand-alone pleading;

*Vivot Equip. Corp. v. Underwater Mechanix Servs., LLC*
1:23-cv-0009-WAL-EAH
Order
Page 5

rather, a counterclaim is to be included in a pleading.") (Internal quotation marks omitted); *Microsoft Corp. v. Ion Tech. Corp.,* 484 F.Supp.2d 955, 965 (D. Minn. 2007) ("Counterclaims, however, must appear in a pleading[.]"); *see also* 5 Charles Alan Wright, Arthur R. Miller & A. Benjamin Spencer, Federal Practice and Procedure § 1183 & n.45 (4th ed. 2021) (stand-alone counterclaim not a recognized pleading) (collecting cases).

This means that "any Rule 15 amendment to a counterclaim must really be an amendment to the party's answer because Rule 15 covers only 'pleadings' and a stand-alone counterclaim is not a pleading under Rule 7." *AFIMAC U.S. Inc.,* 2022 WL 19332939, at *1; *see also Godo Kaisha IP Bridge 1 v. TCL Commc'n Tech. Holdings Ltd.*, No. 15-cv-634, 2018 WL 11426956 at *11 (D. Del. Feb. 28, 2018) (applying Rule 15 and Rule 20 to amendments to a counterclaim).

Similarly, Rule 12(f), under which Vivot moves to strike the stand-alone counterclaim, applies only to pleadings. *See United States v. Viola*, No. 02-cv-9014, 2003 WL 21545108, at *3 (E.D. Pa. July 7, 2003) (providing that a motion to strike pursuant to Rule 12(f) may only be directed to a pleading); Fed. R. Civ. P. 12(f) ("[t]he court may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). However, case law provides that a court may strike improper filings from its docket pursuant to its inherent authority to control its docket. *See Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985) ("A court's inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding

*Vivot Equip. Corp. v. Underwater Mechanix Servs., LLC*
1:23-cv-0009-WAL-EAH
Order
Page 6

cases."); *Karlo v. Pittsburgh Glass Works, LLC*, No. 10-cv-1283, 2015 WL 3966434, at *3 (W.D. Pa. June 8, 2015) (holding that, in a court's exercise of its inherent authority to control its docket, it may strike from the record an improperly filed document) (citing cases).[1]

While UMX's stand-alone amended counterclaim is not itself a pleading properly before the Court for consideration on either a Rule 15(a)(2) or a Rule 12(f) motion, it was clearly intended to be a pleading but was improperly filed as such. The Court concludes that, under its inherent power, exercised in order to ensure a clean record in this case where pleadings and their amendments are properly filed, UMX's amended counterclaim—currently a procedural nullity—should be stricken, and UMX should be afforded an opportunity to properly file its amended counterclaim as an actual pleading. This conclusion is underscored by the fact that UMX did not oppose Vivot's motion, which may be construed as it having acceded to the relief sought. Should UMX properly file its amended counterclaim as a pleading, it shall comply with the provisions of Rule 15(a)(2).

Accordingly, it is hereby **ORDERED** that Vivot's Motion to Strike Defendant's Amended Counterclaim for Failure to Secure Leave of Court, Dkt. No. 62, is **GRANTED**.

ENTER:

Dated: January 22, 2024

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[1] Further, cases hold that a magistrate judge may exercise such inherent authority to strike improper pleadings. *See Hlfip Holding, Inc. v. Rutherford Cnty., Tennessee*, 19-cv-0714, 2020 WL 6484254, at *3-4 (M.D. Tenn. Sept. 13, 2020) (affirming magistrate judge's authority to strike, using inherent authority of the court rather than Rule 12(f)); *PSG Energy Grp., LLC v. Krynski,* No. 18-cv-3008, 2020 WL 2059944, at *4 (S.D. Ind. Apr. 29, 2020) (same).